## EX PARTE A. C. TAYLOR.

No. 18668. Delivered December 23, 1936.
Rehearing Denied February 17, 1937.

The opinion states the case.

*W. R. Smith, Jr.,* of Austin, and *Rawlings & Sayers,* of Fort Worth, for appellant.

*J. Carlton Loser, Jack Norman, Buchanan Loser,* and *Norman Farrell,* all of Nashville, Tenn., for State of Tennessee.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State of Texas.

CHRISTIAN, JUDGE.—Relator was held by virtue of a warrant issued by the Governor of Texas pursuant to a demand of

the Governor of Tennessee. He sought his release by way of habeas corpus and was remanded to custody by the District Court of Tarrant County, from which judgment he has appealed.

Relator is charged by indictment in the County of Davidson, State of Tennessee, with the offense of conspiracy to defraud said state. In the habeas corpus proceeding in the District Court of Tarrant County, the testimony was uncontroverted to the effect that relator was not in the demanding state on the date the offense was alleged to have been committed, but was in the State of Texas. After he was indicted, relator went to the State of Tennessee, surrendered to the proper authorities and entered into an appearance bond. We quote the bond, as follows:

"STATE OF TENNESSEE )
   VS.     )  APPEARANCE RECOGNIZANCE
A. C. TAYLOR    )

"This case having been continued, thereupon the Defendant, A. C. TAYLOR with A. T. STEELE and J. C. CORBITT, his security, acknowledge themselves to owe and to be indebted to the State of Tennessee in the penal sum of TEN THOUSAND Dollars, jointly and severally, to be levied on their goods and chattels, lands and tenements; to be void, however, on condition that the Defendant, A. C. TAYLOR, doth make his personal appearance before the Judge of our Criminal Court, from day to day, then and there to answer the State of Tennessee on a charge of 4 CASES OF CONSPIRACY TO DEFRAUD THE STATE OF TENNESSEE, and not depart without leave of Court first had and obtained.

        "A. C. TAYLOR, Principal.
        "MRS. A. T. STEELE by,
         A. T. STEELE, Security.
("SEAL)     A. T. STEELE & J. C. CORBITT.

"Acknowledged and subscribed to before me, this 5th day of May, 1936.

       "WILEY B. EMBRY,
        "Deputy Clerk."

Upon being released under the above bond, relator returned to the State of Texas. When his case was called for trial he failed to appear and a judgment was duly entered, forfeiting his bond. Thereafter, pursuant to a demand of the Governor of Tennessee, relator was taken into custody under a warrant issued by the Governor of Texas. He opposes his return to

the demanding state on the ground that he was not within the confines thereof on the date the offense was alleged to have been committed, and, on the further ground, that he did not voluntarily appear in said state and submit himself to the jurisdiction of the court.

It was relator's version that after he learned he had been indicted in the State of Tennessee, he sought legal advice. He testified that his attorney had reported to him, after conferring with the authorites of the demanding state, that warrants for his arrest had been issued and he would likely be carried back in irons. He advised relator to go to the State of Tennessee and enter into bond for his appearance before the proper court. Relator testified further that this attorney stated to him that he was subject to extradition, and advised him to go to the demanding state and make an amicable settlement with the authorities. When he surrendered himself to the authorities in Tennessee, he believed he was subject to extradition.

Respondent introduced a witness who gave testimony, in part, as follows:

"I asked him (referring to relator) certain questions about his willingness and readiness to return and answer to that bond, back for trial. He introduced himself to me and I introduced myself to him. He said: 'You needn't be uneasy about my returning for trial. I knew I didn't have to come, but I will be here and lay my cards on the table.' I then handed the release to the jailer and took him out, and he went with me up to my office, together with his attorneys. I later saw you (referring to counsel for respondent) talking to Mr. Taylor in my office in the presence of his attorneys. He made this statement, or this statement in substance, to you there in my presence: That he knew that he did not have to come back to Tennessee, that he couldn't be brought back, but that he didn't think he had committed any offense because he had not been in Tennessee; that he didn't wish to have these charges against him maybe held up in his native state, on account of himself and his reputation and his family."

Under the testimony above quoted, the opinion is expressed that the trial court was warranted in concluding that relator voluntarily went to the demanding state and submitted himself to the jurisdiction of the court. This being true, we are constrained to follow the case of State of Tennessee ex rel. Lea v. Brown, 64 S. W. (2d) 841, in which the court held that by their voluntary act in going to the demanding state and submitting themselves to the jurisdiction of the court, the petition-

ers waived any right they originally had to resist extradition. It is noted that a petition for writ of certiorari in said case was denied by the Supreme Court of the United States. See 54 S. Ct., 717.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of relator's motion for rehearing we have again examined the facts developed on the habeas corpus hearing. While the evidence upon the issue whether relator voluntarily subjected himself to the jurisdiction of the courts of Tennessee is conflicting, our view remains the same as stated in our original opinion that the trial court was warranted in settling such issue in favor of the State. So believing, the case of Tennessee ex rel Lea v. Brown, 64 S. W. (2d) 841, appeared to be controlling.

The motion for rehearing is overruled.

*Overruled.*