37 So.2d 525

### KAY v. STATE.

#### 4 Div. 57.

Court of Appeals of Alabama.
April 6, 1948.

Rehearing Denied May 18, 1948.

Chauncey Sparks, of Eufaula, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from a judgment and order of the court below overruling and denying appellant's petition for a writ of habeas corpus. Notice of appeal being given, the lower court suspended the judgment denying the writ pending appeal and allowed appellant bail.

For convenience the appellant will hereinafter be referred to as the petitioner.

The petitioner was arrested on a Governor's extradition warrant on 29 December 1947.

These proceedings were then instituted seeking his release from the Sheriff of Barbour County.

In his answer the sheriff set up that he was holding the petitioner under and by virtue of a warrant of extradition issued by the Governor of the State of Alabama which warrant of extradition was issued at the request of the Governor of the State of Illinois.

In the proceeding below the sheriff in support of his answer offered in evidence the warrant of extradition issued by the

Governor of Alabama, with his, the sheriff's, return thereon, and rested.

The Governor's warrant of extradition is as follows:

"In the Name and by the Authority of the State of Alabama

"I, James E. Folsom, Governor of the State

"To any Sheriff, Coroner, Constable or other officer authorized by law to make arrests send Greeting: .

"Whereas, His Excellency, Dwight H. Green, Governor of the State of Illinois, by requisition dated the 27th day of December, 1947 has demanded of me, as Governor of the State of Alabama, the surrender of Sylvester Kay, who, it appears, is charged by Indictment, in the County of Vermilion in said State, with the crime of Child Abandonment (a duly certified copy of which Indictment accompanies said requisition) and it appearing that said Sylvester Kay has fled from justice in said State and taken refuge in the State of Alabama.

"Now, therefore, I, James E. Folsom, Governor of the State of Alabama, in obedience to the Constitution and Laws of the United States and the Laws of the State of Alabama, do command you to arrest the said Sylvester Kay if he be found within the limits of this State, and to deliver him into the custody of John L. Supple the duly authorized Agent of the State of Illinois. And of the execution of this warrant you will make due return to me.

"In testimony whereof, I have hereunto set my hand and caused the great Seal of the State to be affixed at the Capitol, in the City of Montgomery, this 29th day of December, in the year of our Lord, One Thousand Nine Hundred and Forty-Seven and in the One Hundred and Seventy-Second year of American Independence.

"[Alabama
Great Seal]

/s/ James E. Folsom
"Governor of Alabama"

Thereafter the petitioner introduced evidence which tended to show that he and Evelyn Kay were married on 1 March 1945, while both were members of the Naval forces. After their demobilization they came to Eufaula, petitioner's former home, to live. After a few months Mrs. Kay became dissatisfied with living in Eufaula, and at her insistence she and petitioner moved to Illinois, her former home State. Change of locality apparently did not have any beneficent effect on this marriage, for in Illinois, according to the petitioner, his wife often got mad with him and would leave him for several days at a time. After the second such abandonment he told her the next time she left he was returning to Eufaula. She again left him in January 1947, and after she had been away for a week he did return to Eufaula.

At the time petitioner left Illinois there was no child born of the marriage, nor did he have knowledge that his wife was pregnant at the time of his departure.

In June or July of 1947, some five or six months after his return to Eufaula the petitioner was arrested by the Sheriff of Barbour County on a warrant charging "Child Abandonment" issued from Vermilion County, Illinois. Petitioner immediately and voluntarily returned to Illinois. There he was permitted bail, and was told to return 1 October 1947. He did return to Illinois on that date. His case was called on 7 October 1947. He answered, but Mrs. Kay did not appear as a witness. The next day he returned to Alabama.

Thereafter he was arrested under the above mentioned extradition warrant and these proceedings ensued.

Appellant's able counsel has urged three main points in his brief for our consideration. Our study of the record convinces us that the three propositions so urged cover the essential points of this case.

Appellant's first contention is that the extradition warrant and sheriff's return thereon is insufficient to establish a prima facie case for the State in the absence in such warrant of a statement to the effect that this accused was in the State of Illinois at the time of the commission of the alleged offense. Counsel argues stren-

uously that such statement in the warrant is a necessary and jurisdictional fact to be alleged.

From 1852, and probably earlier there was no change in our statutes pertaining to extradition until 1923 when the Code Commissioner wrote and the legislature enacted Sections 4179–83, Code of 1923. The later enactments are brought forward in the Code of 1940 as Section 51, '57, and 58 of Title 15. None of the aforementioned sections refer to the papers or documents or the contents required as a basis for the issuance of a warrant of extradition.

In 1931 the legislature enacted additional provisions relating to extradition, based largely on the Uniform Extradition Act promulgated by the Conference of Commissioners on Uniform State Laws. The enactments of 1931 contain certain provisions relative to a consideration of this case, and these appear as Sections 52 and 54 of Title 15, Code of Alabama 1940, and are as follows:

"52. What papers must show.—A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime, and that he thereafter fled from that state, and is now in this state, and that he is lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole."

"54. Issue of governor's warrant .of arrest; its recitals.—If the governor shall decide that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to a sheriff, marshall, coroner, or other person whom he may think fit to entrust with the execution thereof; and the warrant must substantially recite the facts necessary to the validity of its issue."

There can be no doubt that under our decisions prior to 1931 that the extradition warrant herein involved contained all the jurisdictional facts required. Barriere v. State, 142 Ala. 72, 39 So. 55; Singleton v. State, 144 Ala. 104, 42 So. 23; Pool v. State, 16 Ala.App. 410, 78 So. 407, and cases therein cited.

If the question now being considered was one of first impression the writer of this opinion would accord great weight to the cogency of the argument of appellant's counsel that under the additions made in 1931 to our statutes pertaining to extradition set out above that the accused's presence in the demanding state at the time of the commission of the alleged offense was a jurisdictional fact necessary to be stated in the warrant of extradition to sustain its validity.

This very point was however considered by this Court in 1942 in State v. Rogers, 30 Ala.App. 515, 9 So.2d 758, certiorari denied 243 Ala. 272, 9 So.2d 761, and the conclusion there reached that a recital that accused was present in the demanding state at the time of the commission of the alleged offense was not essential to the validity of a Governor's warrant of extradition. In view of the fact that certiorari was denied by the Supreme Court in the Rogers case, supra, it is our view that regardless of the conclusion of the writer of this opinion as to the soundness of the doctrine of the Rogers case, supra, it is not now within our power to depart therefrom, and we must be governed thereby. Section 95, Title 13, Code of Alabama 1940. See also State v. Parrish, 242 Ala. 7, 5 So.2d 828.

Appellant counsel's second contention is that the accused having left the State of Illinois some several months prior to the birth of his child, without knowledge at the time that his wife was pregnant, cannot be considered to be a fugitive from justice in Illinois.

As stated in 35 C.J.S., Extradition, § 10b, To constitute one a fugitive from justice from a given state, it is essential to show that at the time of the commission of the alleged crime in the demanding state he was bodily present, or

incurred guilt, therein, and that he left it and is within the jurisdiction of the state from which his return is demanded, and that he refuses to return voluntarily to the former state. Actual and corporeal former presence in the demanding state is essential; if a person was only 'constructively' in a state, committing a crime against it while not personally within its borders, he has not fled from it and is not a fugitive from justice."

Cases from a substantial number of jurisdictions, among them Illinois, are cited in connection with the above stated rule applying it to persons charged with child desertion or failure to support a wife or children.

■ However, this petitioner testified that after his arrest in June or July of 1947 on the warrant issued in Illinois charging him with the offense of child abandonment in that state he voluntarily returned to Illinois and there made bail to answer such charge. By this action it is our opinion that the petitioner waived any right he had originally to resist extradition on the ground that he was not present in Illinois at the time of the commission of the alleged offense with which he was charged, and by such action must be deemed to have submitted himself to the jurisdiction of Illinois. Ex parte State of Alabama (In re Mohr), 73 Ala. 503, 49 Am.Rep. 63; State v. Parrish, supra; Ex parte Taylor, 132 Tex.Cr. 29, 101 S.W.2d 579; State ex rel. Lea v. Brown, 166 Tenn. 669, 64 S.W.2d 841, 91 A.L.R. 1246, certiorari denied State of Tennessee ex rel. Lea v. Brown, 292 U.S. 638, 54 S.Ct. 717, 78 L.Ed. 1491.

The third contention of appellant's counsel is that the petitioner being released from custody under bail he cannot be considered a fugitive because of his departure from Illinois.

■ This position is untenable. The fact that a person leaves a state while out on bail, does not prevent his being brought back as a fugitive. Moore on Extradition, Vol. II, Sec. 562; Matter of Hughes, 61 N.C. 57, Phil. L. 57; In re Greenough, 31 Vt. 279; Com. v. Otis, 16 Mass. 198.

It is therefore our opinion that under the existing doctrines of the cases pertaining to the points involved in this appeal, binding on the lower court and this court alike, that under the law and facts as disclosed by this record, error cannot be cast upon the lower court in denying the petitioner's application for a writ of habeas corpus. This cause is therefore due to be affirmed, and it is so ordered.

Affirmed.

## On Rehearing.

In his application for rehearing appellant's counsel calls our attention to two factual items not set out in the opinion above. We gladly accord to counsel's request that such items be mentioned in order that the factual picture of this case be completed. Their omission in the first place resulted from our view that their weight and materiality hardly justified their inclusion.

The first of these items is that the record discloses that petitioner, in March or April, 1947, after his return to Alabama, wrote his wife urging her to come back to Alabama, and such letters or cards were received and answered by his wife.

The second item, negative in nature, is that the record fails to show that the appearance bond made in Illinois by the petitioner has been forfeited and an alias warrant or capias issued for his re-arrest.

These additional facts in nowise vary our conclusions that the legal principles presently established by our Supreme Court, and this Court, and by which we are bound, necessitate the conclusions reached by us in our opinion above.

Application denied.