6 N.J. Super. 380 (1950)
71 A.2d 392
WILLIE HUFF, PLAINTIFF-APPELLANT,
v.
CHARLES E. AYERS, SHERIFF OF UNION COUNTY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1949.
Decided February 14, 1950.
*381 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Joseph I. Bedell argued the cause for plaintiff-appellant (Mr. J. Leroy Jordan, attorney).
Mr. H. Russell Morss, Jr., argued the cause for defendant-respondent (Mr. Edward Cohn, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
This is an appeal from a judgment entered in the Law Division of the Superior Court which dismissed a writ of habeas corpus.
The plaintiff, Willie Huff, was indicted by the Grand Jury of DeKalb County, Georgia, at the June term, 1947, the indictment containing four counts of burglary. Huff pleaded guilty to the first, third and fourth counts, and not guilty to the second count. He was sentenced to the State Penitentiary "for not less than 20 years, and for not more than 20 years" on each of the first, third and fourth counts, with all three sentences to run concurrently. He was received in Georgia State Prison on June 9, 1947, and escaped therefrom on January 12, 1948. He was apprehended in Plainfield. New Jersey, on November 26, 1948, on a fugitive warrant *382 issued out of the Plainfield City Court on that date. The Governor of Georgia made a demand for the extradition of Huff, and on December 23, 1948, the Governor of New Jersey issued his warrant of arrest. A writ of habeas corpus was allowed on February 28, 1949.
At the hearing held on April 23, 1949, the State put in evidence the requisition of the Governor of Georgia and the rendition warrant of the Governor of New Jersey. Huff admitted that he is the person mentioned in the demand for extradition and in the rendition warrant, and put in no further evidence.
The plaintiff's first point is that the demand for extradition does not comply with the requirements of R.S. 2:185-11, in that (1) it does not allege in writing "that the accused was present in the demanding state at the time of the commission of the alleged crime," and (2) it does not set forth a "statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole."
The demand for extradition made by the Governor of Georgia upon the Governor of this State alleges that "It appears by the annexed documents, which are hereby certified to be authentic, that Willie Huff alias Willie P. Henry stands charged with the crime of burglary committed in the County of DeKalb in this State, and it has been represented to me that said Fugitive from Justice has fled from the justice of this State, and has taken refuge in the State aforesaid." Accompanying the demand, and as a basis for its issuance, there were presented to the Governor of New Jersey, among other documents, an authenticated copy of the indictment found by the Grand Jury of DeKalb County, Georgia, and an authenticated copy of the petition of the State Board of Corrections of Georgia praying the Governor of Georgia that he make requisition upon the Governor of New Jersey for a warrant of extradition for Willie Huff. The indictment, in the first count, alleges that Willie Huff "in the County aforesaid, on the 28th day of May, in the year of our Lord Nineteen Hundred and Forty seven, unlawfully and with force *383 and arms did break and enter the dwelling house of James E. Eubanks, where valuable goods were contained, with intent to commit a larceny," and the third and fourth counts contain similar allegations. The petition of the State Board of Corrections of Georgia recites that "Willie Huff alias Willie P. Henry was convicted at the June (1947) term, DeKalb County Superior Court, State of Georgia, a Court having jurisdiction thereof, of Burglary and was sentenced thereupon by the Hon. Frank Guess, Judge presiding, to 20-20 years in the penitentiary of Georgia. By virtue of said sentence the said Willie Huff alias Willie P. Henry was received in the penitentiary June 9, 1947, and while confined in said penitentiary escaped from Georgia State Prison, Reidsville, Georgia, a branch of the Georgia penitentiary, on January 12, 1948, and fled the State and is now a fugitive from justice and has been recaptured and is being held by Mr. Louis T. Lombardi, Chief of Detectives, Elizabeth, New Jersey, under the name of Willie P. Henry."
The requirement of the statute that the demand must allege "that the accused was present in the demanding state at the time of the commission of the alleged crime" is substantially met by the allegations of the Governor's demand and the allegations of the indictment which accompanies and forms a part of the demand. People ex rel. Higley v. Millspaw, 281 N.Y. 441, 24 N.E.2d 117 (1939); In re Harris, 309 Mass. 180, 34 N.E.2d 504, 135 A.L.R. 969 (Mass. Sup. Jud. Ct. 1941); 135 A.L.R. 973. The allegations of the Governor's demand, and the allegations of the petition of the Board of Corrections of Georgia which accompanies and is a part of the demand, substantially comply with the requirement of the statute that the demand be accompanied by "a statement by the executive authority of the demanding state that the person claimed has escaped from confinement." State v. Wilson, 135 N.J.L. 398 (Sup. Ct. 1947).
Plaintiff's second point is that he was deprived, in Georgia, of his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. *384 The question of whether the plaintiff's constitutional rights were violated in Georgia cannot be determined by our Courts. In re Colier, 140 N.J. Eq. 469 (E. & A. 1947). Even if our Courts had power to determine such a question, there was no evidence before the Court to support such an argument.
The judgment is affirmed.