Commonwealth ex rel. Thomas, Appellant, *v.*
Superintendent, Philadelphia County Prison.

Argued January 6, 1953. Before STERN, C. J.,
STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-
NOLD, JJ.

*Leon Rosenfield,* with him *John Patrick Walsh,* for
appellant.

*Samuel Dash,* Assistant District Attorney, with him *Martin Vinikoor,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, February 13, 1953:

The relator appeals from an order of the court below denying his petition for a writ of habeas corpus whereby he sought release from an extradition order of the Governor of Pennsylvania issued upon the requisition of the Governor of Florida.

In early January, 1952, the relator, Thomas, and a friend, one Peter DeMayo (Demeo), both residents of Philadelphia, together drove to Florida. On January 11th, R. J. Priest, a deputy sheriff of Dade County, Florida, visited DeMayo at the latter's request at a motel in Miami where DeMayo and Thomas were sharing a room. DeMayo reported to Priest that during the night, while he slept, some money had disappeared from his trouser pockets. Priest also spoke to Thomas at the time but did not prefer any charges against him. On February 29th, DeMayo made an information against Thomas alleging his theft of the affiant's money on January 10, 1952, for which Thomas was charged with grand larceny. In the meantime Thomas had returned to Philadelphia. On March 7, 1952, the Governor of Florida issued his requisition to the Éxecutive Authority of Pennsylvania demanding Thomas' return to Florida to answer the above-mentioned charge of grand larceny lodged against him there. On March 18th, the Governor of Pennsylvania issued his warrant for the apprehension of Thomas who was promptly taken into custody. A hearing on the extradition was held before a judge of the court below on April 4, 1952. The same day Thomas filed his petition for a writ of habeas corpus; and a hearing thereon was held three

days later, April 7th. The Florida deputy, Priest, made the identification of the relator as the person demanded by the requisition. The private prosecutor, DeMayo, although present in Philadelphia at the time, was not present at either hearing. The court below denied Thomas the writ prayed for and ordered him turned over to the Florida authorities for extradition to that State but placed him in the custody of his attorney pending an appeal to this Court under Sec. 7 of the Act of May 25, 1951, P. L. 415, 12 PS §§1901, 1907.

The appellant contends that the extradition proceeding is invalid for any one of the three following reasons:

(1) The Florida extradition warrant is fatally defective in that it fails to allege, as required by Section 3 of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.3, that "the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state . . . ." See *Commonwealth ex rel. Henderson v. Baldi,* 372 Pa. 463, 93 A. 2d 458.

(2) None of the papers constituting the extradition warrant are "authenticated by the executive authority making the demand" as required by Section 3 of the Uniform Criminal Extradition Act, supra, which, in Section 1, defines the term "executive authority" as including "the Governor and any person performing the functions of governor in a state" other than the asylum.

The defects are manifestly fatal to the proceeding. In *Hattaway v. Culbreath,* — Fla. —, 57 So. 2d 661, the Supreme Court of Florida reversed the dismissal of an accused's petition for a writ of habeas corpus for defects identical with those above-mentioned. The extradition proceeding here involved likewise fails; and the relator is entitled to be discharged from the restraint to which he is subjected by reason thereof.

It is unnecessary to consider the appellant's third contention that his identity as the demanded fugitive was inadequately established by the testimony of the Florida deputy sheriff when DeMayo, the private prosecutor, although available, did not appear at either of the hearings.

The proceeding below was mistakenly filed in the Court of Quarter Sessions instead of the Court of Common Pleas. See Habeas Corpus Act of 1951, cit. supra. However, as the judge who entered the appealable order was a judge of a Court of Common Pleas and in order not to prolong unduly the unlawful restraint of the relator, we have disposed of the appeal on its merits and direct that the record below be transferred to the dockets of the Court of Common Pleas.

The order of the court below is reversed and the writ granted as prayed for, the relator to be discharged forthwith.