## Commonwealth ex rel. Taylor *v*. Superintendent, Philadelphia County Prison, Appellant.

Argued April 29, 1955. Before Stern, C. J., Stearne, Jones, Bell, Chidsey, Musmanno, and Arnold, JJ.

*Victor Wright,* Assistant District Attorney, with him *Armand Della Porta,* Assistant District Attorney, *Samuel Dash,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellant.

*Edwin Seave,* with him *Seave & Good,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, May 25, 1955:

Commonwealth appeals from the order of the court below discharging relator after hearing on his petition for writ of habeas corpus.

Relator was arrested under authority of a warrant issued by the Governor of Pennsylvania upon the requisition of the Governor of Virginia.

After proof of identification of relator, the Commonwealth introduced in evidence the authorization of an agent to return relator to Virginia, a *duplicate* and a *photostatic copy* of the requisition of the Governor of Virginia, together with a certificate of the Deputy Secretary of Pennsylvania that the duplicate and photostat were true and complete copies of the requisition and supporting papers received from the Governor of Virginia, and on file in the Department of State. The seal of the State of Virginia not being on the duplicate and not sufficiently clear on the photostat,

the Commonwealth produced the certificate of the Secretary of the Commonwealth certifying that the original requisition bore the seal and describing it in detail.

The reason for non-production of the original requisition was that the executive department of the state refused to release it, the policy being to supply only copies thereof.

Relator offered no evidence but moved for his discharge on the grounds that (1) he was not properly charged with a crime in the demanding state; (2) it was not proved he was in the demanding state at the time of the alleged crime; (3) he was not properly charged with being a fugitive; and (4) there being no seal of the demanding state on the papers offered in evidence, they were not properly authenticated.

The court below held that the proceedings were fatally defective because the original record was not offered in evidence, and because there was no allegation in the requisition that relator was in Virginia at the time of the commission of the alleged crime.

The Uniform Criminal Extradition Act of 1941, 19 PS §191.1 et seq. provides, inter alia, that no demand for extradition "shall be recognized *by the Governor* unless in writing, alleging. . . [1] that the accused was *present* in the demanding state at the time of the commission of the alleged crime and [2] that *thereafter he fled* from the state, . . . [3] accompanied by a copy of an indictment found. . . [4] The indictment . . . must *substantially* charge the person demanded with having committed a crime under the law of that state, and [5] the copy of the indictment . . . must be *authenticated* by the executive authority making the demand." (Italics supplied)

"The question of whether a crime is charged against the accused in the demanding state [and whether he

is charged with being in the demanding state at the time of the commission of the alleged crime] is one of law, and to be ascertained from the requisition and the papers accompanying it . . . If an indictment has been found . . ., a copy thereof duly certified as authentic by the governor and accompanying his requisition, will be sufficient evidence, *prima facie*, that a crime has been charged against the accused in the demanding state": *Commonwealth ex rel. Flower v. Superintendent of Philadelphia County Prison*, 220 Pa. 401, 404, 69 A. 916. (Italics supplied)

The relator has offered no evidence to controvert the fact that the Governor of Pennsylvania had before him the original requisition or that it and its supporting papers were proper and sufficient for the issuance of his warrant. The extradition warrant is prima facie evidence of the existence of every fact which the executive authority was obliged to determine before issuing it: *Commonwealth ex rel. Flower v. Superintendent of Philadelphia County Prison*, 220 Pa. 401, 405, 69 A. 916; *Commonwealth ex rel. Katz v. Philadelphia Prison Superintendent*, 162 Pa. Superior Ct. 459, 460, 58 A. 2d 366. The burden was upon relator to come forward with evidence to overcome the prima facie case of validity of the warrant upon its introduction. This he failed to do. The *original* requisition and supporting papers, though not introduced in evidence, were available to him for examination and whether or not they were duly authenticated by the Governor of Virginia could be easily ascertained. The certification of the Secretary of the Commonwealth that they were so authenticated will not be disregarded.

Nor are we satisfied that the requisition and supporting papers failed to allege that relator was in Virginia at the time of the alleged crime. The requisi-

tion alleged that he stands charged with breaking and entering, certified that this is a crime in Virginia, "committed in the County of Arlington in . . . [Virginia]," and that relator fled from "the justice" of Virginia. The copy of the indictment found, referred to and annexed to the requisition, charged that relator "did, while in said county [Arlington County, Virginia] . . . feloniously break and enter." There can be no doubt that these averments charge that relator committed a crime, that he was present in Virginia at the time of its commission, and that he fled therefrom. Although not in the words of the Act, we cannot but hold that the averments are a substantial compliance with its provisions and sufficient upon which to base the warrant. Cf. *Huff v. Ayers,* 6 N.J. Super. 380, 71 A. 2d 392; *In re Harris* (Mass.) 34 N. E. 2d 504.

Contrary to relator's contention, our decision in *Commonwealth ex rel. Thomas v. Superintendent of Philadelphia County Prison,* 372 Pa. 595, 94 A. 2d 732, is not controlling in the instant case. In the *Thomas* case, not only did the extradition warrant fail to allege the presence of the accused in the demanding state, but the proof established that the extradition warrant was not authenticated as required by the Act. Relator here failed to establish that the requisition was not duly authenticated by the Governor of Virginia, and, as we have held, there was compliance with the provisions of the Act requiring that the requisition allege "that the accused was present in . . . [Virginia] at the time of the commission of the alleged crime." No technical or formal objections to the proceedings, such as have been presented here, should be allowed to prevail. To require that the allegations be in the specific words of the Act would be unduly strict; and if the meaning of the allegations made,

reasonably and substantially amount to the charge required, the proceedings will be upheld.

Order reversed, and the record is remitted to the court below with the direction that the relator surrender himself into the custody from which he was discharged, and that the Governor's order in this extradition proceeding be carried into effect.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

It is a matter of common knowledge that considerable difficulties and bitterness arose from time to time between States because of the failure or refusal of a Governor to honor extradition papers presented by a sister State. In order to correct this regrettable situation, the Uniform Criminal Extradition Act was passed in Pennsylvania on July 8, 1941, P. L. 288, 19 PS §191.3. That Act made mandatory, proof "that the subject of the extradition is charged with a crime in the demanding state, that he was present in the demanding state at the time of the commission of the crime charged, that he is a fugitive from the demanding state, and that the requisition papers are in order": *Com. v. Henderson,* 372 Pa. 463, 466, 93 A. 2d 458.

A demand that a person accused of crime be taken from his home and the vicinage* in which he is known, to a distant state is so burdensome to the accused and his witnesses as to furnish a convincing reason why the Extradition Act should be strictly construed and strictly complied with.

Section 3 of the Extradition Act provides: "§191.3 Form of demand No demand for the extradition of a person charged with crime in another state shall be

---

* See Art. 1, Sec. 9, Constitution of Pennsylvania.

recognized by the Governor unless in writing, *alleging,* except in cases arising under section 6, *that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state, and accompanied*\* by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, *together with* a copy of any warrant which was issued thereupon or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, *together with a statement by the executive authority* of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state, and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

The requisition paper in the instant case did not contain a *statement by the executive authority* "that the accused was present in the demanding state at the time of the commission of the alleged crime". The Commonwealth therefore failed to make out a case. That these facts appear by inference in other papers which are required to "accompany" the requisition is not a compliance with the clear and mandatory provisions of the Act which, incidentally, are few in number and are very easily complied with.

It is an indisputable fact that many Governors like to avoid extradition of their citizens. The majority

---

\* Italics throughout, ours.

188

Opinion by adopting a broad and indefinite test, i.e., "a substantial compliance" (with the Act), will once more open wide the door to disputes and bitterness between States and will revive the feuds which the Act wisely sought to eliminate.

I would affirm the order of the lower Court for the additional reason that this case is ruled by the clear and specific language of *Commonwealth ex rel. Thomas v. Superintendent,* 372 Pa. 595, 597, 94 A. 2d 732.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Taking a man from one State and sending him into another against his will is such an obvious invasion of his liberties that this forcible removal can be justified only by a meticulous observance of all requirements of the law of extradition under the Constitution of the United States and the Constitution of Pennsylvania.

I am satisfied that the very able and experienced jurist in the Court below, the Honorable Judge LEVINTHAL of the Court of Common Pleas of Philadelphia County, properly granted the writ of habeas corpus for the reasons which he announced in his Opinion, parts of which are here quoted:

"It is clear that under Section 3 of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288 (19 PS 191), the demand for extradition must contain certain specific allegations and must be properly authenticated. It has been held that the court must satisfy itself that the requisition papers are in order and that the papers constituting the extradition warrant are authenticated by the executive authority making the demand. *Commonwealth ex rel. Thomas v. Supt. of Phila. County Prison,* 372 Pa. 599 (1953).

In order to perform its duty in this respect, the court must have the original papers constituting the entire record before it. In the case of *Commonwealth ex rel. Wyatt v. Adams,* 30 Westmoreland 169 (1948), Judge McWERTER properly held that where the requisition of the Governor of the demanding State had not been offered in evidence by the respondents, the relator was entitled to discharge on that ground alone.

"It is apparent that unless the complete original record is offered in evidence, the proceedings are fatally defective. Obviously, the court does not perform its duty of ascertaining whether the documents are in order by accepting a certificate from the Secretary of the Commonwealth that he is satisfied that the record is complete and duly authenticated.

"Furthermore, even if it be conceded that the copies are admissible in evidence, an examination of the photostatic copy of the demand for the extradition of the relator discloses that there is no allegation 'that the accused was present in the demanding State at the time of the commission of the alleged crime', as required in Section 3 of the Extradition Act. In the case of *Commonwealth ex rel. Thomas v. Supt. Phila. County Prison,* supra, it was held that an extradition warrant was fatally defective because it failed to contain such an allegation."