Commonwealth ex rel. Heiss, Appellant, *v.* Ruch.

Argued November 30, 1955. Before STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Charles F. G. Smith,* for appellant.

*Francis A. Biunno,* Assistant District Attorney, with him *Victor Wright,* Assistant District Attorney, *Vincent Panati,* Assistant District Attorney and *Samuel Dash,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, January 6, 1956:

The appellant is confined in the Philadelphia County Prison under an extradition warrant issued by the Governor of Pennsylvania on the requisition of the Governor of New Jersey. He stands charged in the

latter State by indictment for a robbery alleged to have been committed by him in the City of Trenton. He petitioned the court below for a writ of habeas corpus, contending (1) that he was not sufficiently identified as the perpetrator of the specified robbery and (2) that the requisition for his extradition from Pennsylvania failed to aver that he was in the demanding State when the alleged crime was committed. The court below denied the petition, and the petitioner brought his appeal to this court as authorized by Section 7 of the Act of May 25, 1951, P. L. 415, 12 PS §1907.

The action of the learned court below is fully justified by the record.

On the question of identification, the hearing judge took the testimony of the victim of the robbery, who identified the petitioner as the culprit, and of another witness who testified to having seen the petitioner in Trenton the day of the robbery. The evidence was therefore sufficient to establish that the petitioner was the person sought by the requisition for extradition.

The appellant's contention that the requisition does not contain an averment that he was within the demanding State when the alleged crime was committed (see Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.1 et seq.) is answered adversely to him by our recent ruling in *Commonwealth ex rel. Taylor v. Superintendent, Philadelphia County Prison*, 382 Pa. 181, 184-185, 114 A. 2d 343. In that case the requisition alleged that the relator stood charged with breaking and entering in the County of Arlington, Virginia, and that he fled from "the justice" of that State. Speaking for this court, Mr. Justice ARNOLD said (p. 185),—"The copy of the indictment found, referred to and annexed to the requisition, charged that relator 'did, while in said county [Arlington County, Virginia] ... feloniously break and enter.' There can be no doubt

that these averments charge that relator committed a crime, that he was present in Virginia at the time of its commission, and that he fled therefrom. Although not in the words of the Act, we cannot but hold that the averments are a substantial compliance with its provisions and sufficient upon which to base the warrant."

Here, the requisition of the Governor of New Jersey sets forth that "Whereas it appears by the papers required by the Statutes of the United States which are hereunto annexed and which I certify to be authentic and duly authenticated in accordance with the laws of this state, that Robert E. Heiss stands charged with the crime of armed robbery committed in the County of Mercer in this state, and it having been represented to me that he has fled from the justice of this state and has taken refuge within the state of Pennsylvania."

The *Taylor* case and the instant case are indistinguishable on the point now under consideration. The ruling in the *Taylor* case was a common sense interpretation of the cognate requirement of the Uniform Criminal Extradition Act. Where the requisition incorporates therein by reference an attached authenticated copy of the indictment of the demanding State which specifically charges the relator with having committed a crime of violence in that State on a day certain, obviously he must have been within that State when the crime was committed. To require that the averment of the prisoner's presence in the demanding State at the time of the commission of the crime must appear in the requisition proper instead of in the authenticated and incorporated attached papers would be slavish obeisance to mere formality at the expense of legislatively desired substance. *Commonwealth ex rel. Thomas v. Superintendent, Philadelphia County Prison*, 372 Pa. 595, 597, 94 A. 2d 732, which the ap-

pellant cites, lends no support to his contention. The reason the extradition in the *Thomas* case was invalid was because the requisition did not affirmatively aver that the prisoner was within the demanding State when the alleged crime was committed *and* the papers, attached to the requisition, from which such a finding might have been made were not duly authenticated.

The order denying the writ is affirmed.