ADOLFO D. LOPEZ V. STATE

No. 28,149. March 21, 1956.

*Theo. Pat Henley, John W. Hennessey* and *Thomas E. Hennessey,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Morris Riley Edwards,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney Austin, for the state.

DICE, Judge.

Upon a trial before the court, a jury being waived, appellant was found guilty and was assessed the minimum punishment

of 3 days in jail and a $50 fine, for the misdemeanor offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor.

The state's evidence shows that, on the night in question, the appellant, while driving his automobile at a high rate of speed on Commerce Street in the city of San Antonio, passed an automobile traveling in the same direction, which was occupied by city officers Guy Buckelew and Odis Walker and state ranger Zeno Smith. After passing the officers, appellant's automobile struck an approaching car, whereupon the officers gave pursuit, and stopped and arrested the appellant after he had driven a short distance from the scene of the collision.

The three officers testified that, at the time of appellant's arrest, they could smell alcohol on his breath; that his speech was incoherent; that he staggered when he walked; and expressed their opinion that he was drunk. Officer Manuel A. Palacios, who arrived at the scene after appellant's arrest and took him to police headquarters, testified that, in his opinion, the appellant was drunk.

Appellant admitted that he was the driver of the automobile but denied being intoxicated. He testified that he had drunk only two beers before he left his home a short time before his arrest; that he struck the automobile in an effort to miss another car backing out into th street; and that he did not stop because the accelerator on his automobile had hung.

. Appellant's wife, Anita Lopez, and the witness George G. Baca both testified concerning the appellant's drinking the two beers, and stated that, at the time he left his home, he was not intoxicated.

We find the evidence sufficient to support the court's judgment finding the appellant guilty of the offense charged.

Appellant insists that the complaint, upon which the information was based, is void because it was not sworn to before an officer authorized to administer the oath required under the provisions of Art. 415, V.A.C.C.P.

The jurat to the complaint shows that it was sworn to before "Charles S. Bond, Assistant Criminal District Attorney of Bexar County, Texas."

Articles 28, 29, 30, and 415, V.A.C.C.P., provide that complaints may be sworn to before a district or county attorney and for such purpose they are authorized to administer the oath thereto. Under these statutes, it has been held that an assistant county attorney is authorized to administer an oath to a complaint. Kelly v. State, 36 Tex. Cr. R. 480, 38 S. W. 39; and Ealey v. State, 87 Tex. Cr. R. 648, 224 S. W. 771.

Under the provisions of Art. 52-161, Sec. 16, V.A.C.C.P., the assistant criminal district attorneys of Bexar County are specifically authorized to administer oaths, file informations and generally perform any duty devolving upon the criminal district attorney.

By virtue of the authority granted in the statutes above cited, the assistant criminal district attorney was authorized to administer the oath and take the complaint upon which the information was based.

The validity of the complaint was not affected because it did not bear an official seal as a district attorney does not have an official seal of office.

The judgment of the trial court is affirmed.

Opinion approved by the Court.