132 So.2d 604 (1961)
Albert Martin PECNIK, Appellant,
v.
Ed BLACKBURN, Jr., as Sheriff of Hillsborough County, Florida, Appellee.
No. 2479.
District Court of Appeal of Florida. Second District.
August 30, 1961.
Rehearing Denied September 21, 1961.
Leo Stalnaker, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Robert R. Crittenden, Asst. Atty. Gen., for appellee.
SMITH, Judge.
Appellant (petitioner below), Albert Martin Pecnik, filed a petition for a Writ of Habeas Corpus in the Circuit Court of Hillsborough County, seeking release from custody of the appellee, Sheriff of Hillsborough County, pursuant to a rendition warrant executed by the Governor of Florida under the authority of Chapter 941, *605 Florida Statutes (Uniform Criminal Extradition Law), F.S.A.
Appellant was convicted of "taking indecent liberties with female child (two counts)", in the Municipal Court of Milwaukee, Wisconsin, on June 4, 1952. After a pre-sentence investigation, appellant was given an indeterminate sentence in the Wisconsin State Prison. Appellant was paroled and, while on parole, was arrested for assaulting a nineteen-year old female. Appellant fled the State of Wisconsin the same day, and his parole was revoked.
The Governor of Wisconsin on March 15, 1961, made a formal demand, in which some forty pages of documents certified to be authentic were incorporated, for the rendition of the appellant. The Governor of Florida issued the rendition warrant and appellant sought his release by Habeas Corpus. The Writ was issued and appellee made his return thereto attaching copies of the rendition warrant and copies of the demand with attached documents. At the hearing on the Writ and return, no evidence was offered by the appellant, the Writ was quashed and appellant was remanded to custody.
Appellant contends that the court erred in remanding him to the custody of the appellee because the demand of the Governor of Wisconsin was insufficient in that it failed to specifically recite "that the accused was present in the State of Wisconsin at the time of the commission of the alleged crime" and because the demand was not accompanied by "an authenticated copy of an indictment, or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state, or by a copy of a judgment of conviction, or of a sentence imposed in execution thereof."
Deleting the alternatives not applicable to this case, Section 941.03, Florida Statutes 1959, F.S.A., provides as follows:
"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by * * * a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his * * * parole * * * and the copy of * * * judgment of conviction or sentence must be authenticated by the executive authority making the demand."
The demand of the Governor of Wisconsin contains, among other provisions, the following:
"Whereas it appears from the annexed papers which I certify to be authentic and duly authenticated in accordance with the laws of this State that Albert Martin Pecnik stands convicted of the crime of indecent liberties with female child (two counts) which I certify to under the laws of this State committed in the County of Milwaukee in this State and that he has breached the conditions of his parole and that he fled from the justice of this state and taken refuge in the State of Florida."
The annexed papers so certified consisted of some forty pages of documents. Among them were the certificate of the Director of the State Department of Welfare of the State of Wisconsin citing the charge of crime against the appellant, his appearance at the trial both in person and by counsel, the adjudications by the trial court of the guilt of the defendant, and the passing of sentence of the court on the defendant, the sentence being a commitment to the Wisconsin State Prison for an *606 indeterminate term for treatment by the State Department of Public Welfare and that the appellant was released on parole and breached the conditions of his parole and that the State Department of Public Welfare revoked his parole and directed that he be taken into custody and returned to the Wisconsin State Prison. The documents substantiating the certificate were attached. They included copies of the Wisconsin statutes dealing with the crime and the sentence therefor and many other documents dealing with the original charge, preliminary hearing, information by the District Attorney and other documents not here pertinent. One of the documents attached is entitled the Judgment Roll of the Municipal Court of the City and County of Milwaukee, Wisconsin, which details the trial of the appellant and after the trial, "whereupon the court found the defendant guilty" and subsequently, "it is ordered that the said defendant, Albert Martin Pecnik be and he is committed to the Department of Public Welfare of Wisconsin pursuant to Subsection 6 of Section 340.485 of Chapter 542 of the Laws of 1951, and that the Sheriff conveyed the defendant to the Wisconsin State Prison which is designated and approved as a treatment center for persons committed to the said Department under the provisions of said Chapter 542 of the Laws of 1951." The Judgment Roll is dated and signed by the Municipal Judge and certified by the Clerk of that Court as a true copy of the original.
The Supreme Court of Florida has held that the executive warrant of rendition in extradition proceedings must show compliance with the essential requirements of the law and when this is done, the executive warrant is prima facie evidence of the facts therein cited, and the officer who apprehends the fugitive need go no further to justify his detention when inquired into under a Writ of Habeas Corpus. The executive may, if he so desires, attach to the warrant a copy or copies of any of the documents upon which he bases his action. State v. Chase, 1926, 91 Fla. 413, 107 So. 541. The same statement of law is applicable to the demand or requisition from the executive authority of the demanding state. Anyone charged with a crime and who has fled from justice is subject to extradition and this includes a person convicted of crime and who subsequently violates his parole. Freeman v. Blackburn, Fla. 1957, 92 So.2d 262; Hughes v. Pflanz, 6 Cir., 138 F. 980. State ex rel. Treseder v. Remann, 165 Wash. 92, 4 P.2d 866, 78 A.L.R. 412; and annotations following. The certification of the documents attached to the demand made by the Governor of Wisconsin authenticates the judgment of conviction and the sentence imposed in execution thereof and the fact that the accused broke the terms of his parole, and for this purpose it is conclusive. Kurtz v. State, 1886, 22 Fla. 36, 1 Am.St.Rep. 173; Albright v. Clinger, 290 Mo. 83, 234 S.W. 57. The Uniform Criminal Extradition Law does not require that the demand be accompanied by all of the documents referred to. The various requirements are alternatives and are not cumulatives. The record of conviction is sufficient. Lyle v. Kieback, 1959, 139 Colo. 149, 337 P.2d 392. The demand was accompanied by the required documents.
It is apparent from the record that in his written demand the Governor of Wisconsin does not allege the exact words: "that the accused was present in the demanding state at the time of the commission of the alleged crime." The demand does allege "that Albert Martin Pecnik stands convicted of the crime of indecent liberties with female child (two counts) which I certify to under the laws of this State committed in the County of Milwaukee in this State." The papers annexed to the demand recite that the crime was committed in the County of Milwaukee, Wisconsin, the Affidavit for the Warrant, the Warrant, and the Certificate of Arrest under the Warrant, all dated the same day, recite that the accused committed the crime in Milwaukee County, Wisconsin, and that *607 he was arrested there on that same day. The certified copies of the Judgment Roll show the presence of the accused at the trial, conviction and sentence in Milwaukee, Wisconsin. The question as to whether or not the accused was present in the demanding state at the time of the commission of the crime may be ascertained from the demand including the accompanying documents. Commonwealth ex rel. Heiss v. Ruch, 1956, 384 Pa. 36, 119 A.2d 237; Commonwealth ex rel. Taylor v. Superintendent, Philadelphia County Prison, 1955, 382 Pa. 181, 114 A.2d 343; Huff v. Ayers, 1950, 6 N.J. Super. 380, 71 A.2d 392; People ex rel. Higley v. Millspaw, 1939, 257 App.Div. 40, 12 N.Y.S.2d 435; Ex parte Blankenship, 1953, 158 Tex.Cr.R. 667, 259 S.W.2d 208; Kay v. State, 1948, 34 Ala.App. 8, 37 So.2d 525. The burden of proving that he was not in the demanding state at the time the crime was committed is upon the defendant. State v. Phillips, 1960, 62 N.J. Super. 70, 162 A.2d 113. People ex rel. James v. Lynch, 1959, 16 Ill.2d 380, 158 N.E.2d 60; certiorari denied 361 U.S. 864, 80 S.Ct. 123, 4 L.Ed.2d 104; People ex rel. Borelli v. Lohman, 1958, 13 Ill.2d 506, 150 N.E.2d 116. It, therefore, plainly appears from the demand that the accused was charged and convicted of a crime, the nature of which required his presence at the time and place where the offense occurred. Such a demand is sufficient. In re Baker, 310 Mass. 724, 39 N.E.2d 762, petition for certiorari denied 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768. It is the rule that in a Habeas Corpus proceeding to contest the validity and propriety of a rendition warrant issued by a governor, the burden rests with the accused to overcome, by competent proof, the prima facie case made by the extradition warrant. State ex rel. Kimbro v. Starr, Fla. 1953, 65 So.2d 67.
The facts in this case are readily distinguishable from the facts in the case of Hattaway v. Culbreath, Fla. 1952, 57 So.2d 661, in that, in that case the Supreme Court was dealing with an extradition warrant issued as a result of a charge of a crime of vagrancy and non-support and the accused had not been convicted. A charge of such a crime is not one, the nature of which required the accused's presence at the time and place where the offense occurred as is the case of the crime of the appellant. The facts in this case are readily distinguishable from the facts in the case of Ennist v. Baden, 1946, 158 Fla. 141, 28 So.2d 160, because the facts in that case were that there was a charge of a crime and not a record of trial or conviction and in addition, the proceedings in that case were both under Section 941.03 and Section 941.06 and the record in that case conclusively shows that the accused in that case was not present in the demanding state at the time of the commission of the alleged crime. The facts in the instant case are readily distinguishable from the facts in the case of State v. Bennett, Fla., 1956, 90 So.2d 43, in that, in that case the proceedings for extradition was under Section 88.061, Florida Statutes, F.S.A., which section specifically provides that the demand need not state or show that the person, whose surrender is demanded, was in the demanding state at the time of the commission of the crime. To further substantiate the distinguishable facts of the instant case from those of the last three cases cited, the Supreme Court held in the Ennist case (which was cited in the two subsequent cases) that the Uniform Criminal Extradition Law did not make any requirements further than those made by the Federal Constitution and Acts and, therefore, the Uniform Law was a valid exercise of state legislative power. The decisions in the Ennist, Hattaway and Culbreath cases, supra, are not controlling on the facts and points of law of the instant case.
We, therefore, decide that the demand with the accompanying documents of the Governor of Wisconsin was sufficient for issuance of the extradition warrant by the Governor of Florida and that the appellant failed to overcome the prima facie *608 case made by the extradition warrant and the judgment appealed from should be affirmed.
It is so ordered.
ALLEN, Acting C.J., and WHITE, J., concur.