EX PARTE MELVIN THOMAS RENFRO AND
HORACE BURT MULLINS

No. 33,605.   October 2, 1961
Motion for Rehearing Overruled November 22, 1961

*Mackin, Goldsmith & Burdette (Jack Mackin, of Counsel),*
Fort Worth, for relator Mullins; *Jack Love,* Fort Worth, for
relator Renfro.

*Doug Crouch,* Criminal District Attorney, *Albert F. Fick,
Jr.* Assistant Criminal District Attorney, Fort Worth, and *Leon
Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding instituted jointly by the
relators who were in custody under an Executive Warrant for
extradition to Oklahoma.  The appeal is from an order remanding them to custody to be delivered to the agents of Oklahoma.

The Executive Warrant recites that it had been made known
to the Governor of Texas, by the Governor of the State of
Oklahoma, "that Burt Horace Mullins and Melvin Thomas
Renfro stand charged by *complaint and other papers,* before the
proper authorities, with the crime of murder while engaged in
the commission of a felony committed in said state and that the
said defendants have taken refuge in the State of Texas * * *."

The Executive Warrant orders the relators conveyed "back
to said state to be dealt with for said crime" and recites that
the Rejuisition "is accompanied by copy of said complaint and
other papers duly certified as authentic by the Governor of said
state."

At the hearing there was introduced in evidence the Executive Warrant issued by the Governor of Texas and, as a composite exhibit, the requisition of the Governor of Oklahoma; application of the county attorney of Carter County, Oklahoma for requisition; complaint against the relators charging them with murder while engaged in the commission of a felony in Carter County, Oklahoma, on December 22, 1960, sworn to before G. W. Sparger, Justice of the Peace, and separate warrants issued by said Justice of the Peace for the arrest of each of the relators.

Evidence was introduced at the heading sufficient to sustain a finding that the relators were in Oklahoma at the time and place of the alleged murder; and there was evidence on behalf of the relators which, if accepted as true, showed that the relators were in Fort Worth, Texas, at the time in question.

Separate briefs have been filed by the relators and separate arguments presented.

Relator Mullins contends that he should be discharged because there is no statement or allegation in writing from the Governor of Oklahoma that he was present in Oklahoma at the time of the offense and thereafter fled from the state. We overrule this contention. Ex parte Emmons, 167 Tex. Cr. R. 544, 322 S.W. 2d 534, and Ex parte McComb, 332 S.W. 2d 575.

He next contends that the application for requisition does not contain the certification that in the opinion of said county attorney the ends of justice required his arrest.

The county attorney, in his application, states "that the ends of justice require that he be brought back, at public expense, to the State of Oklahoma for trial."

Relator Renfro contends that the Executive Warrant of the Governor of Texas is void and in violation of Secs. 7 and 3 of Art. 1008a V.A.C.C.P., and that the requisition of the Governor ⟩f Oklahoma does not comply with Sec. 3 of Art. 1008a V.A.C.C.P. We do not agree.

The Executive Warrant together with the requisition and supporting papers constituted a sufficient compliance with the statute. It was not essential that the complaint or affidavit

sworn to before the Justice of the Peace bear a seal. A justice of the peace has no seal. It's absence did not vitiate the complaint. Lopez v. State, 162 Tex. Cr. R. 572, 288 S.W. 2d 64.

The question of guilt or innocence is not to be determined in an extradition proceeding. Ex parte Garcia, 167 Tex. Cr. R. 159, 319 S.W. 2d 328.

The judgment remanding relators for extradition is affirmed.