THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD MORRIS
HIGLEY, Respondent, *v.* JESS J. MILLSPAW, Sheriff of the County
of Schoharie, New York, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.*

Third Department, May 10, 1939.

*J. Ernest Wharton, District Attorney of Schoharie County [Wallace
H. Sidney of counsel], for the appellants.*

*Sharon J. Mauhs,* for the respondent.

*J. Bernard Wells, State's Attorney,* for the City of Baltimore,
*amicus curiæ.*

PER CURIAM. (This opinion was prepared by the late Justice
RHODES. It reflects the sentiment of the court.) Upon the
requisition of the Governor of Maryland, the Governor of New
York granted an extradition warrant for the arrest of relator,
and he was taken into custody thereunder by the sheriff of Schoharie
county. Thereupon relator obtained a writ of habeas corpus
and after a hearing he was discharged from custody by the order
now appealed from.

---

* See *Higley* v. *Higley* (257 App. Div. 61).

A motion to dismiss the appeal on the ground, among other things, that the People and the sheriff are not parties aggrieved, entitling them to appeal, was heretofore denied by this court. (See 256 App. Div. 852.)

The request for extradition is based upon an indictment returned against relator in the city of Baltimore, State of Maryland, which charges that on the 16th of May, 1938, relator, " at the city aforesaid unlawfully did, without just cause, desert his wife June Sharp Higley * * *." The indictment contains a second count which charges that, " the said Edward Morris Higley on the said day, in the said year and thence continually until the day of the finding of this indictment at the city aforesaid, unlawfully and wilfully did neglect to provide for the support and maintenance of his wife June Sharp Higley * * *."

By article 4, section 2, of the Constitution of the United States and section 5278 of the United States Revised Statutes (section 662 of title 18 of the United States Code) and under the provisions of the Uniform Criminal Extradition Act (Code Crim. Proc. § 827 et seq.) it is made the duty of the Governor upon appropriate showing to grant a warrant of extradition. However, if the Governor refuses such warrant there is no means of compulsion. (Taylor v. Taintor, 16 Wall. [83 U. S.] 366; Kentucky v. Dennison, 24 How. [65 U. S.] 66.)

The questions to be determined in this proceeding are the identity of the person, whether he is a fugitive from justice, whether a demand in due form has been made, and whether the accused is charged with a crime in the demanding State. When these facts all appear the constitutionally required surrender is not to be interfered with by the summary process of habeas corpus, upon speculation as to what ought to be the result of a trial in the place where the Constitution provides for its taking place. (Drew v. Thaw, 235 U. S. 432.)

In behalf of the relator it is argued that the demand made by the Governor of Maryland does not conform to the provisions of the Extradition Act (Code Crim. Proc. § 830), in that it does not allege that the accused was present in the demanding State at the time of the commission of the alleged crime. There is attached to the application of the Governor of Maryland the indictment which charges that on the date alleged and at the city of Baltimore the relator committed the crime alleged.

It is further asserted in behalf of relator that the demand is defective, in that it does not certify that desertion and non-support constitute a crime under the laws of Maryland.

Included in the record before us is the certificate by the Governor of Maryland of appointment of Donald D. Madigan, as agent for the State of Maryland, to receive the accused from the proper authorities of the State of New York. Such certificate states that the accused " stands charged upon indictment, etc., with the crime of desertion and non-support committed in the City of Baltimore, * * * " and the warrant of the Governor of New York State recites that, " it having been represented to me by the Governor of the State of Maryland that Edward Morris Higley is a fugitive from justice and stands charged in that State with having committed therein in the City of Baltimore, the crime of desertion and non-support which the said Governor certifies to be a crime under the laws of said State * * *."

For the purpose of this proceeding we shall assume that the Governor of Maryland had before him sufficient facts to determine whether the accused was in the State of Maryland at the time of the commission of the alleged offense; also that he knows the laws of his own State and whether the offense charged constitutes a crime; we shall further assume that he would not be guilty of the impropriety and futility of requesting the return of the accused to face an accusation if it did not constitute a crime.

In the absence of a clear showing to the contrary, we are to presume the regularity of the official acts of the Governor and all other public officials and impute verity to their official statements.

The warrant issued by the Governor of New York shows that he found the relator to be a fugitive from justice, charged with having committed a crime in the State of Maryland, and this conclusion must stand unless clearly overthrown. (*Hogan* v. *O' Neill*, 255 U. S. 52.)

In this proceeding the relator necessarily submits to the court the whole question of his right to a discharge. (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.)

Much of the record and discussion of counsel before this court and the court below relate to the question of the guilt or innocence of relator, and many of the arguments for relator's discharge now advanced by his counsel relate to that question, with which, as stated, the courts of this State have no concern.

The record shows no sufficient ground for relator's release, and the order should, therefore, be reversed on the law and facts, the writ herein dismissed and the relator remanded to custody.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Order reversed on the law and facts, and the writ dismissed, and the relator remanded to custody.