## EX PARTE JOSEPH ANDERSON BARNETT.

No. 23231. Delivered October 17, 1945.
Rehearing Denied November 28, 1945.

The opinion states the case.

*James H. Martin* and *Joe C. Luther,* both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUGER, Judge.

Relator was taken into custody and held by virtue of an executive warrant issued by the Governor of this state upon a requisition from the Governor of the State of Colorado. He applied to the Honorable Henry King, Judge of the Criminal District Court No. 2 of Dallas County, for a writ of habeas corpus. The writ was granted as prayed for, and upon a hearing thereof he was remanded. Hence this appeal.

The record before us reflects that relator is charged by a verified complaint which contains three counts, charging him with the offense of embezzlement, larceny by bailee and con-

fidence game, each of which is a felony under the laws of the demanding state.

By Bill of Exception No. 1 he complains of the action of the court in permitting the District Attorney to introduce in evidence, over his timely objections, certain documents marked Exhibits Nos. 4 to 14. His objection to the introduction of these papers was that they were not certified in accordance with the law relating to extradition. The record before us shows that these papers were attached to the requisition warrant which bears the following certificate:

"WHEREAS, It appears from the annexed papers which I hereby certify to be duly authenticated in accordance with the laws of this State that A. L. Barnett stands charged by complaint, warrant and affidavit with the crime of EMBEZZLEMENT, LARCENY BY BAILEE AND CONFIDENCE GAME committed in the City and County of Denver in said state, etc."

This, in our opinion, is in accordance with Section 5278 of the United States Statute 18 U.S.C.A., Sec. 662 relating to extradition proceedings, which was enacted by Congress in aid of and pursuant to Section 2 Article 4 of the Constitution of the United States of America. Under the statute mentioned, the Governor of the demanding state is the person designated as having the authority to certify to the authenticity of the required documents. We are of the opinion that appellant's contention in this respect is without merit. In support of the conclusion of the question here discussed, we refer to the following authorities: Ex parte Mc Entyre, 112 Tex. Cr. R. 638; Ex parte Pinkus, 114 Tex. Cr. R. 327; Ex parte Combs, 132 Tex. Cr. R. 500; Ex parte Jones, 82 Tex. Cr. R. 627, and State v. Curtis, 111 Minn. 240, 126 N. W. 719.

The only other issue raised by the evidence on the hearing is the relator's identity. The State's witnesses testified that they knew appellant; that he was in the State of Colorado about the time of the commission of the offense and that he was the identical person charged with the offenses mentioned in the complaint. This issue of fact the court decided adversely to appellant and we would not be authorized under the evidence as reflected by the record to hold that the trial court erred in remanding him. See Ex parte Lunceford, 183 S. W. (2d) 461.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant in his motion for rehearing makes no specific challenge to the correctness of the opinion delivered herein.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.