## EX PARTE FRED L. MAGEE.

No. 24712. January 11, 1950.

*Percy Foreman,* of Houston, for relator.

*W. C. Winborn,* District Attorney, and *E. T. Branch,* Assistant District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Relator was held in custody by the sheriff of Harris County, Texas, under an extradition warrant from the Governor of Texas directing the return of relator to the State of Arkansas to answer a charge of arson against relator and Joe Savage, who were alleged to be fugitives from said demanding state. Both Magee and Savage secured writs of habeas corpus from the Judge of Criminal District Court No. 2 of Harris County, upon their claim that neither of them were in Arkansas at or about the time of the alleged arson, and were not therefore fugitives from said state. Upon a hearing both Magee and Savage were remanded to the sheriff to be delivered to an agent for return to Arkansas, and from such order this appeal is prosecuted.

The recitals in the extradition warrant of the Governor of Texas as to the right of the demanding state to the return of said relators is sufficient, and the only issue at the habeas corpus hearing was one of fact as to the presence or not of relators in Arkansas at the time of the alleged arson. On this issue the evidence was conflicting; that for Magee and Savage being that they were not in Arkansas at the time of the alleged arson, and that they had never been in that state; on the other hand, evidence for the state was contradictory and to the effect that they were both in Arkansas at the time of the alleged arson. The trial judge saw and heard these witnesses, and specifically finds in the judgment, remanding relators, that they were the parties named in the Governor's extradition warrant, and are the parties wanted for the alleged crime of arson, and that they "fled from the State of Arkansas into this State after the commission of said crime, and are fugitives from justice as stated in the Governor's warrant."

Under conflicting evidence, as here found, the holdings of our court are to the effect that the judgment of the trial court remanding relators will not be disturbed. See Ex parte Wood-

land, 146 Tex. Cr. R. 616, 177 S. W. 2d 62; Ex parte Lunceford, 147 Tex. Cr. R. 579, 183 S. W. 2d 461; Ex parte Barnett, 148 Tex. Cr. R. 628, 190 S. W. 2d 361; also, South Carolina v. Bailey, 289 U. S. 412, 53 Sup. Ct. 667, 77 L. Ed. 1292.

The judgment remanding relator is affirmed.