EX PARTE CLARENCE MOATS.

No. 24789. April 5, 1950.
Rehearing Denied May 17, 1950.

*Ronald Smallwood, J. Douglas McGuire,* and *Maverick, Putman and Putman,* San Antonio, for relator.

*William N. Hensley,* Criminal District Attorney, *Joseph F. Brown,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant, here, relator in the court below, sued out a writ of habeas corpus before the criminal district court of Bexar County, seeking his discharge from custody under an executive warrant of arrest issued by the Governor of this State upon requisition of the Governor of West Virginia, in which state appellant stands charged with the crime of forgery.

Upon a hearing on the writ, the application for discharge was refused, but relator was admitted to bail in the sum of $500, conditioned upon his appearance before said criminal district court.

Some three months thereafter, the application for discharge was again before the court, at which time relator was remanded to custody for extradition. From this order, appeal was taken to this court.

Of the extradition papers involved, there was offered in evidence only the warrant of the Governor of this state which recited that the relator stood charged in the demanding state with the crime of forgery. The date the offense was alleged to have been committed was not therein shown.

According to the testimony, it was the theory of the state that the offense of forgery was committed on the 30th day of June, 1947, in Upshur County, West Virginia, when relator signed the name of "Lawrence Moots" to a check for $1,050 in the presence of Gerald F. Cochran, to whom he delivered the check in payment for an automobile.

Gerald F. Cochran, testifying at the hearing, positively identified the relator as the maker of the check.

Relator denied the accusation and testified to facts showing that he was in the State of Missouri at the time of the alleged offense and therefore was not a fugitive from justice. He was corroborated in this by his wife.

Of course, if relator was in the State of Missouri at the time he was alleged to have forged the check in the State of Virginia, he would not and could not be a fugitive from justice from that state and would not be subject to extradition as a fugitive from justice.

The trial court, in the exercise of his discretion, accepted the testimony showing that relator was in the demanding state at the time the offense of forgery was alleged to have been committed, and such finding upon the disputed fact issue will not be disturbed by this court. Ex parte Magee, 154 Texas Cr. R. 124, 225 S. W. 2d 831; South Carolina v. Bailey, 53 St. Ct. 667, 289 U. S. 412, 77 L. Ed. 1292.

A number of bills of exception accompany the record. The matters presented thereby in no manner affect the sole question of fact here presented for determination, and those bills are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

On November 22, 1949, the day the application for habeas corpus was filed, and before any hearing thereon, the district judge entered an order which reads in part as follows:

"* * * the Court is of the opinion that the said application should be refused, and the Applicant be admitted to bail in the sum of $500.00, and that upon him executing on his own recognizance a bail bond in said sum, conditioned for his appearance before the Criminal District Court, of Bexar County, Texas, said bond to be made, approved and filed in accordance with law, the said Applicant shall be discharged from the custody of the Sheriff of Bexar County, Texas."

We are unable to agree with relator's contention that such order constituted a final disposition of his case.

Though crudely drawn, we construe same to be merely an order releasing relator on his own recognizance until the further order of the court.

Relator appeared at the hearing thereafter, testified in his own behalf, and, through his counsel, reserved exceptions to the court's adverse rulings and appealed from the order entered after such hearing remanding him for extradition.

Relator will not now be heard to say that the entire matter was finally disposed of at a preceding term, by an order of the district judge which he contends denied his discharge but in effect discharged him by granting bail.

Relator's motion for rehearing is therefore overruled.

Opinion approved by the court.