EX PARTE WILLIAM THOMPSON.

No. 26,630. November 11, 1953.

*R. P. Langford* and *Francis S. Ainsa,* El Paso, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an extradition case.

Appellant sought his discharge by writ of habeas corpus filed in the Sixty-Fifth District Court of El Paso County, Texas. After a hearing, appellant was remanded to the custody of the

sheriff of El Paso County, and from said order gave notice of appeal.

The return on the writ made by the sheriff of El Paso County showed by virtue of what authority he restrained the appellant, whom he produced in court as commanded. This return on the writ stated that appellant was being held by virtue of an extradition warrant of the Governor of the State of Texas.

The requisition from the demanding state and the accompanying and supporting papers, to-wit: an affidavit made before a magistrate, complaint, warrant, certificate of the district attorney, which were certified and duly authenticated, were introduced in evidence.

Appellant contends that the supporting documents annexed to the requisition from the Governor of Wisconsin fail to show that he is substantially charged with a crime.

Section 348.402 of the Wisconsin Statutes, set out in the supporting papers introduced in evidence, provides that "Every person who shall obtain * * * from any other person * * * any money or property, by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be punished * * *."

The affidavit sets out facts which support the charge in the complaint that appellant "did unlawfully and feloniously obtain * * * merchandise, of the value of Twenty-three Hundred Sixty One Dollars, by means and use of a confidence game, contrary to Section 348.402 * * *."

We conclude that appellant is substantially charged with the commission of a crime under the law of the State of Wisconsin. Ex Parte Blankenship, 158 Tex. Cr. Rep. 667, 259 S.W. 2d 208.

Appellant further contends that complainant consented to the acts alleged to constitute this offense, and that accused obtained money and not merchandise; that the merchandise was not worth the amount alleged; that this action was for collecting a debt; and that upon these grounds there was no basis for a charge for the commission of a crime.

In determining whether extradition is proper, the merits of

the charge or the guilt of the accused cannot here be inquired into. Art. 1008a, Sec. 20, V.A.C.C.P., provides:

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime."

The trial court had before him the entire record and the evidence, and he was authorized to conclude as he did and remand the appellant for extradition. Delgado v. State, 158 Tex. Cr. R. 52, 252 S.W. 2d 935.

The judgment of the trial court is affirmed.

Opinion approved by the Court.