EX PARTE LOWELL EVERETT MCCOMB
*alias* DANNY MCCOMB

No. 31,364. January 27, 1960

State's Motion for Rehearing Granted

January 27, 1960

*Matthews, Aultman & Riley, Brewster, Pannell, Leeton & Dean,* by *Lee Brewster,* Fort Worth, for appellant.

*Doug Crouch,* Criminal District Attorney, *Albert F. Fick, Jr.,* Assistant Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody to be extradited to the State of Michigan to answer a murder charge.

The ground for reversal is that the requisition of the Governor of Michigan is fatally defective because it fails to set out that appellant was in Michigan at the time of the commission of the alleged crime, and that he thereafter fled from that state.

The state offered the warrant issued by the Governor of Texas and offered as "a composite exhibit, consisting of a number of different papers, all bound together" with certificate of Zollie Steakley, Secretary of State, "that all of the attached instruments are true and correct copies of the original requisition papers from the Governor of the State of Michigan to the Governor of the State of Texas in the case of Lowell Everett McComb, alias Danny McComb, who stands charged with the crime of murder in the First Degree, which original requisition papers are on file in the office of the Secretary of State."

(1) The requisition bearing signature of the Governor and Secretary of State of Michigan reads, in part:

10

"TO THE GOVERNOR OF THE

STATE OF TEXAS:

"WHEREAS, it appears by COMPLAINT AND WARRANT which are hereunto annexed, and which I certify to be authentic and duly authenticated in accordance with the laws of this State, that LOWELL EVERETT McCOMB alias Danny McComb stands charged with the crime of MURDER IN THE FIRST DEGREE, which I certify to be a crime, under the laws of this State, committed in the County of OAKLAND in this State, and it having been represented to me that he has fled from the justice of this State, and may have taken refuge in the STATE OF TEXAS."

(2) The application of the prosecuting attorney reads in part:

"TO THE HONORABLE G. MENNEN WILLIAMS, Governor of Michigan:

"The undersigned, Prosecuting Attorney for the County of OAKLAND, State of Michigan, respectfully applies for your requisition upon the Governor of the State of TEXAS, for the arrest and rendition of LOWELL EVERETT McCOMB alias Danny McComb, late of said County and State, and therein charged in due form of law with having on the 16th day of December, 1957, committed the crime of MURDER IN THE FIRST DEGREE.

"The undersigned alleged that said accused (was) present in the State of Michigan at the time above charged (2) AND THAT HE THEREAFTER FLED THEREFROM, and that he is now believed to be in the COUNTY of TARRANT, in the State of TEXAS."

(3) Complaint on oath before a justice of the peace in Michigan charging appellant with the murder of one George Kean.

(4) Warrant of arrest issued by said justice of the peace for appellant's arrest on the murder charge.

(5) Affidavit of a witness to the shooting of George Kean in the presence of Lowell Everett McComb in the State of

Michigan and the carrying away of his body by said McComb and two companions.

(6) Affidavits of identification by photographs of Lowell Everett McComb, alias Danny McComb.

(7) Verification by the prosecuting attorney.

The requisition papers were accompanied by the certificate of the Secretary of State of Michigan under the official seal of said state, certifying: "that the annexed copy of the APPLICATION AND ACCOMPANYING PAPERS WHICH WERE INCORPORATED IN THE REQUISITION SIGNED BY THE GOVERNOR OF THE STATE OF MICHIGAN AND ADDRESSED TO THE GOVERNOR OF THE STATE OF TEXAS, have been compared by me with the record on file in this Department and that the same is a true copy thereof, and the whole of such record."

Section 3 of Art. 1008a V.A.C.C.P. provides in part: "No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases under Section 6, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state."

The requisition and application under oath for the requisition, and witness' affidavit, together with the certification by the Secretary of State of Michigan to the composite exhibit, is deemed a sufficient compliance with the quoted provision of Sec. 3 of Art. 1008a V.A.C.C.P. Delgado v. State, 158 Tex. Cr. R. 52, 252 S.W. 2d 935; Ex parte Hale, 167 Tex. Cr. Rep., 397, 320 S.W. 2d 362; and Ex parte Barnett, 148 ex. Cr. R. 628, 190 S. W. 2d 361, support such holding.

The judgment is affirmed.

ON STATE'S MOTION FOR REHEARING

BELCHER, Judge.

On appellant's motion for rehearing his contention that the requisition of the Governor of Michigan was fatally defective because it failed to allege that he was present in Michigan at

the time of the commission of the alleged crime, and that he thereafter fled from that state was errorously sustained.

The requisition was introduced in evidence and it certified that the complaint and warrant annexed thereto were authentic and they also were introduced in evidence.

The requisition recites "it has been represented to me that he has fled from the justice of this state."

The complaint annexed to the requisition and certified as authentic and duly authenticated in accordance with the laws of Michigan, sworn to before a magistrate, alleges that "on or about the 16th day of December, A.D. 1957, *at* the Township of Commerce *and in* the County aforesaid, one Demetrios B. Tsermengas, Lowell Everett McComb alias Danny McComb and Thomas Douglas Smith alias Tommy Smith, defendant(s), *did murder* one George Kean."

The requisition and the complaint sufficiently allege that the appellant was present in the demanding state at the time of the commission of the crime charged and had fled therefrom. The warrant referred to above was issued upon said complaint. The requisition, complaint and warrant authorized the issuance of the extradition warrant for the appellant by the Governor of Texas, Emmons v. State, 167 Tex. Cr. Rep. 544, 322 S.W. 2d 534.

The prior opinions on appellant's motion for rehearing are withdrawn and the order granting such motion is set aside, the state's motion for rehearing is granted, and the judgment remanding appellant to custody for extradition is again affirmed.

Opinion approved by the Court.