## EX PARTE CHARLES S. TERRANOVA

No. 32,564. December 7, 1960

Motion for Rehearing Overruled January 18, 1961

*Guinn, Guinn* and *Truex,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Edwin Berliner,* First Assistant Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is an appeal from an order entered in a habeas corpus proceedings remanding appellant to custody for extradition to the State of California.

. . At the hearing, the state introduced into evidence the executive warrant of the acting Governor of this state and the requisition and supporting papers of the Governor of California.

The Governor's executive warrant recites that it has been made known to him by the Governor of the State of California that appellant "stands charged by complaint and supporting papers before the proper authorities, with the crime of burglary committed in said State, " and that he had taken refuge in this state.

Appellant insists that the court erred in denying his petition for release from custody because the requisition papers failed to comply with the requirements of the extradition laws of the State of Texas and of the United States.

It is first contended that the affidavit and complaint upon which the requisition was issued is insufficient because it was shown to have been made upon information and belief.

The complaint is shown to have been sworn to and subscribed by R. L. Guardado before Presiding Judge of the Municipal Court of Citrus Judicial District, County of Los Angeles, State of California.

A reading of the complaint shows that the affiant Guardado swore to the same "on oath" and without any limitation. The complaint, being positive in its terms, could not be impeached by proof that the complainant acted on information and belief. Ex parte Kinsloe, 134 Tex. Cr. Rep. 299, 115 S.W. 2d 955, and Ex parte Blankenship, 158 Tex. Cr. Rep. 667, 259 S.W. 2d 208.

It is next contended that the affidavit and complaint failed to substantially charge appellant with a crime.

The complaint was in two counts and charged appellant with the offense of burglary in violation of Section 459 of the Penal Code of the State of California. Count one charged that appellant "did wilfully enter the market and building occupied by Hiram's Market, 2630 East Workman in the City of West Covina, County and State aforesaid, with the intent then and there and therein unlawfully and feloniously to commit * * * forgery, a felony."

The second count of the complaint contained a similar allegation.

Section 459 of the Penal Code of the State of California, a copy of which is shown in the record, reads, in part, as follows:

"459. Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, * * * with intent to commit grand or petit larceny or any felony is guilty of burglary."

In Ex parte Blankenship, a complaint containing similar allegations, except, in charging the offense, it was alleged that entry was made with intent to commit "larceny" rather than "forgery," was held to substantially charge an offense under this same section of the California Penal Code.

We overrule appellant's contention that the court erred in remanding him to custody because the supporting papers introduced at the hearing show that there is no evidence that he committed the crime charged against him. In determining whether extradition is proper, the merits of the charge or the guilt of the accused cannot be inquired into. Ex parte Thompson, 261 S. W. 2d 844, and Ex parte Cuttrell, 162 Tex. Cr. Rep. 639, 288 S. W. 2d 773.

Appellant's remaining contention is that the requisition papers were not properly authenticated because the requisition was based upon a certificate of authentication which had not been issued. While there appears in the record a certificate of the Secretary of State of the State of California as to the qualifications of the county clerk and judge of the Superior Court whose names were subscribed to some of the supporting papers which is dated after the date of the issuance of the Governor's requisition, the complaint and all other supporting papers are dated on or before the date of issuance of the requisition. The requisition of the Governor of California recites that the complaint and supporting papers "are authentic and duly authenticated in accordance with the laws of the State of California." This was a sufficient certificate by the Governor of California that the complaint and supporting papers were authentic. Ex parte Barnett, 148 Tex. Cr. Rep. 628, 190 S. W. 2d 361, and Ex parte Hale, 320 S. W. 2d 362.

The judgment is affirmed.

Opinion approved by the Court.