**Ex parte L. D. COLLIER.**

**No. 36546.**

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Rehearing Denied March 4, 1964.

John J. C. O'Shea, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is an appeal from an order of the 72nd Judicial District Court of Lubbock County remanding relator to the custody of the Sheriff of said County for delivery to an agent of the State of California.

At the hearing the respondent offered the executive warrant of the Governor of Texas, regular upon its face, authorizing the arrest and return of appellant to the State of California upon demand of the Governor of that State to answer a charge of burglary in the first degree there pending against him. They also introduced the supporting papers.

Relator offered the testimony of several witnesses to the effect that appellant was in Lubbock County on the day charged in the complaint. Respondent called two officers from the State of California, who placed appellant in that State on such date.

We have concluded that the trial court was authorized to conclude as he did and remand relator for extradition. Ex parte Eremo, 158 Tex.Cr.R. 532, 257 S.W.2d 712.

Appellant attacks the complaint or affidavit of Deputy Sheriff Lovett as having been based upon information and belief and relies, among other cases, upon Ex parte Kinsloe, 134 Tex.Cr.R. 299, 115 S.W.2d 955. The fallacy of this attack is that the demand was not based upon an information as was the case in Kinsloe, but upon a complaint and warrant issued thereupon which we held proper under Art. 1008a Vernon's Ann.C.C.P. in Ex parte Fisher, 168 Tex.Cr. R. 336, 327 S.W.2d 579. We further call attention to the distinction between an information and a complaint pointed out in our opinion in Ex parte Blankenship, 158 Tex.Cr.R. 667, 259 S.W.2d 208. In addition to the affidavit of Lovett, we find one in the record made by Muriel Haynes sworn to before R. P. Lucas, Judge of the Justice Court together with authentication of his status.

The judgment of the trial court is affirmed.