### Ex parte Art HARRIS.

### No. 38063.

Court of Criminal Appeals of Texas.

March 31, 1965.

Rehearing Denied May 19, 1965.

Jack T. Niland, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Jack N. Ferguson, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of New Mexico.

At the hearing, the state introduced in evidence the executive warrant of the acting governor of this state and the requisition and supporting papers of the governor of New Mexico, except the affidavit of the complaining witness, Eulalia Alvarez, which was introduced by the appellant.

Appellant insists that the trial court erred in denying his petition for discharge from custody on the ground that the extradition papers show that the affidavit upon which the warrant of arrest was issued and upon which the requisition was based, and which accompanies the requisition, was hearsay and made upon information and belief.

On August 5, 1964, before a notary public the complaining witness signed the affidavit upon which the appellant relies, and which relates certain facts surrounding the crime charged.

The complaint accompanying the requisition and which was made before a magistrate in New Mexico, on July 23, 1964, is positive in its terms and substantially charges a crime. On the same date, the magistrate issued a warrant based on said complaint and accompanying the supporting papers. Art. 1008a, Sec. 3, Vernon's Ann.C. C.P.; Ex parte Collier, Tex.Cr.App., 375 S.W.2d 444. The sufficiency of the complaint, as shown, cannot be impeached in this proceeding by proof that the complainant acted on information and belief. Ex parte Blankenship, 158 Tex.Cr.R. 667, 259 S.W.2d 208; Ex parte Terranova, 170 Tex. Cr.R. 445, 341 S.W.2d 660.

The trial court was authorized to conclude as he did and remand the appellant for extradition.

The judgment is affirmed.

Opinion approved by the Court.