**Ex parte Marvin GREEN, alias Gilbert Matthews.**

**No. 41825.**

Court of Criminal Appeals of Texas.

Feb. 5, 1969.

Rehearing Denied March 19, 1969.

Shannon, Shannon & Leonard, by Joe Shannon, Jr., Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Clayton Evans and John Howze, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This appeal is from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Nebraska.

The State offered in evidence the Executive Warrant issued by Texas Governor John Connally dated July 17, 1968, which recites that it had been made known to him by the Governor of Nebraska "that Marvin Green aka Gilbert Matthews stands charged by affidavit made before a magistrate issued together with a warrant thereupon before the proper authorities, with the crime of no fund check (two counts) contrary to Section 28–1212 N.C. committed in said State * * *."

The State also introduced in evidence the Nebraska Statute referred to in the Executive Warrant which defines the offense of "no-fund check" and provides a maximum punishment of ten years in the Nebraska Penal and Correctional Complex, and Sec. 23–1201 N.C. which provides in part that it shall be the duty of the County Attorney, when in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony, to prepare, sign, verify and file the proper complaint.

The requisition of the Governor of Nebraska and supporting papers were introduced by appellant.

Appellant's first contention is that although the extradition request purports to

**860**

be a complaint, it is actually an information. We do not agree.

Though the affidavit substantially charging the offense defined in the Nebraska Statute (Sec. 28–1212 N.C.) is referred to as "The Complaint and information of Walter D. Weaver, Deputy County Attorney," the certificate of the County Judge dated July 8, 1968, certifies that "the foregoing complaint is a true copy of the original complaint filed in said court on October 3, 1967, in the case entitled The State of Nebraska vs. Marvin Green alsk——known as Gilbert Matthews, recorded in Docket 87 at page 108 and now pending in said court."

The same is true as to "The amended complaint and information" of Paul Douglas, County Attorney, sworn to before the County Judge on July 8, 1968, which substantially charges the same offenses, which the County Judge certifies to be "a true copy of the original amended complaint filed in said court on July 8, 1968," in the same entitled and recorded cause "now pending in said court."

The contention that the only affidavit which supports the information is insufficient because it is based only upon information and belief is disposed of by our holding that the document which appellant contends is an information is in fact a complaint or affidavit upon which the county judge, a magistrate (Art. 2.09 Vernon's Ann.C.C.P.) issued a warrant of arrest.

 The copies of the affidavits before a magistrate together with copies of the warrants issued thereon which accompanied the demand for extradition are sufficient to satisfy the requirement of Art. 51.13, Sec. 3, V.A.C.C.P. and to authorize the issuance of the extradition warrant.

■ Where the complaint or affidavit is positive in its terms and substantially charges a crime, its sufficiency may not be impeached in an extradition case by proof that complainant in fact acted upon information and belief only. Ex parte Harris,

Tex.Cr.App., 389 S.W.2d 668; Ex parte Blankenship, 158 Tex.Cr.R. 667, 259 S.W. 2d 208; Ex parte Terranova, 170 Tex.Cr. R. 445, 341 S.W.2d 660.

■ The case last cited is also authority against appellant's contention that the affidavit upon which no signature appears is insufficient. The affidavit is certified to be a true copy of the original complaint and affiant's name is typed thereon.

■ Whether under Nebraska law prosecution for the felony offense charged requires an indictment is not controlling.

The judgment remanding appellant to custody for extradition is affirmed.

DOUGLAS, J., not participating.